UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA GUZZO,<br><br>        Plaintiff,<br><br>v.<br><br>CONNECTICUT STATE COLLEGES AND UNIVERSITIES,<br><br>        Defendant. | Civil Action No. 3:21-cv-254 (CSH)<br><br>JULY 7, 2022 |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND

**HAIGHT, Senior District Judge:**

Plaintiff Linda Guzzo brings this action against her former employer, Connecticut State Colleges and Universities ("Defendant" or "CSCU"). Guzzo alleged in her first amended complaint that, while she was employed by Defendant, Defendant discriminated and retaliated against her because she exercised rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615(a)(2) and 2615(b). *See* Am. Compl., ECF No. 21, ¶ 52. The Court dismissed her first amended complaint under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that FMLA claims against CSCU under the self-care provision are barred by Eleventh Amendment immunity. *See* Mem. & Order Granting Mot. to Dismiss, ECF No. 32, at 1.

Plaintiff now seeks leave to file a second amended complaint. *See* Pl.'s Mot. for Permission to File a Second Am. Compl., ECF No. 37, at 1. This Memorandum and Order resolve that motion.

## I. BACKGROUND

Plaintiff Guzzo initiated this case on February 26, 2021 with a complaint containing five counts, bringing claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 21 *et seq.*; the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*; and the FMLA, 29 U.S.C. § 2601 *et seq. See generally* Compl., ECF No. 1.[1] These claims were all brought against Defendant CSCU. Plaintiff alleged, in summary, that she has a serious medical condition, that because of it she was discriminated against by her supervisor and others at CSCU—in the form of public mockery and humiliation, deliberate and targeted obstruction of her career, interference with her ability to communicate with her staff, removal of her office to a remote and potentially dangerous location, and other adverse actions—and that when she exercised her rights under the FMLA, these individuals and CSCU retaliated against her. Compl., ECF No. 1, ¶¶ 11–51.

Defendant thereafter moved to dismiss four of these five counts—namely, the ADEA claims and the CFEPA claims—as barred by the Eleventh Amendment. *See generally* Mot. to Dismiss, ECF No. 13; Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 13-1.

Rather than oppose Defendant's motion, Plaintiff moved to amend the complaint, removing the ADEA and CFEPA claims while retaining the FMLA claim. P.'s Mot. for Leave to File an Am. Compl., ECF No. 19, at 1. The Court permitted Plaintiff's proposed amendment and denied as moot Defendant's motion to dismiss. Electronic Order, ECF No. 20.

---

[1] The Court presumes the reader's familiarity with the facts as alleged in Plaintiff's Complaint and First Amended Complaint. Her allegations are recounted in the Court's most recent order and are detailed here only as needed to resolve the present motion. *See Guzzo v. Conn. State Colls. & Univs.*, No. 21-cv-254 (CSH), 2022 WL 903297, at *1–3 (D. Conn. Mar. 28, 2022).

Defendant then moved to dismiss the amended complaint, making the same argument with respect to the remaining FMLA claim that it made regarding the others in its initial motion to dismiss—namely, that the Eleventh Amendment grants CSCU immunity to suit under the FMLA self-care provision. Mem. of Law in Supp. of Mot. to Dismiss Am. Compl., ECF No. 24-1, at 2. The Court agreed with Defendant and dismissed the amended complaint, instructing Plaintiff that if she wished to file a second amended complaint, she "must name all defendants, specify whether individual defendants are being sued in their official or personal capacities, and identify the precise nature of the relief sought against each defendant[,]" as well as comply with the requirements of Local Civil Rule 7(f), and could also include a memorandum of law detailing why such amendment would not be futile. Mem. & Order Granting Mot. to Dismiss, ECF No. 32, at 13 (2022 WL 903297, at *6).

Plaintiff has endeavored to do so. In the proposed Second Amended Complaint, Plaintiff would add allegations under the Rehabilitation Act of 1973, 19 U.S.C. § 701 et seq.; she would add as co-defendants Rob Steinmetz, Diane Bordonaro, and G. Duncan Harris, employees of CSCU, in their official capacities; and she would add a request for injunctive relief against these individuals "including an order of the Court to reinstate the plaintiff to employment, to assign her to a position consistent with that which she would have obtained absent discriminatory and/or retaliatory conduct, and to cease any further discrimination and/or retaliation against the plaintiff." Second Am. Compl. (Proposed), ECF No. 37-2 ¶¶ 1, 14–16, 87.

Plaintiff would also amend, in some instances, her factual allegations. Among the additions, she notes that "after [she] returned from her FMLA leave of absence, Harris took away [her] reserved parking space, making her the only member of management not to have a reserved parking space[,]" which posed particular difficulties given her impaired mobility. Second Am. Compl.

(Proposed) ¶¶ 39. She then adds, "On or about February 24, 2022, feeling that she had exhausted any possibility of being able to perform the duties of her job without having to cope with Defendant CSCU's callous disregard for her physical and emotional health, [she] stated to [Nicholas D'Agostino, Director of Equal Employment Opportunity for CSCU] in an email her intent to retire." *Id.* ¶¶ 75, 80. Plaintiff's "retirement was compelled by [her] deteriorating physical and mental health, which in turn was caused by defendants' repeated efforts to displace her from her job, remove her duties, ignore her requests that she not be exposed to students and staff coming into the vicinity of her office to be tested for Covid-19, ignore her requests to be provided reasonable accommodations, ignore her requests that decisions being made about the location of her office be made in consultation with her, and ignore her requests that action be taken with respect to her compensation." *Id.* ¶ 82.

Defendant objects to the portion of the Second Amended Complaint that seeks injunctive relief under the FMLA against individual defendants in their official capacity. Def.'s Obj. to Pl.'s Mot. for Permission to File a Second Am. Compl. ("Def.'s Obj."), ECF No. 41, at 1. Defendant asks the Court to deny leave to make this amendment on the ground of futility, arguing that Plaintiff fails to allege an "ongoing violation of federal law" or to seek prospective equitable relief, both of which are necessary to invoke *Ex parte Young*'s exception to sovereign immunity. *Id.*; *see also Ex parte Young*, 209 U.S. 123, 159–60 (1908). Plaintiff replies, arguing that Defendant's objection must be rejected under binding Second Circuit precedent. Reply in Supp. of Pl.'s Mot. for Permission to File Second Am. Compl. ("Pl.'s Reply"), ECF No. 42, at 3.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Although leave to amend must be freely given under ordinary circumstances, denial is proper where the proposed amendment would be "futile." *Foman v. Davis*, 371 U.S. 178, 182

4

(1962). An amendment is considered "futile" if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g.*, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Treiber v. Aspen Dental Mgmt., Inc.*, 635 Fed. App'x 1, *4 (2d. Cir. 2016) (affirming denial of leave to amend where plaintiffs, following dismissal of their original complaint under Rule 12(b)(1), "failed to show how amendment could have demonstrated a cognizable injury sufficient to support Article III standing"); *Donovan v. Am. Skandia Life Assur. Corp.*, 217 F.R.D. 325, 325 (S.D.N.Y. 2003) ("Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied.") (citations omitted), *aff'd*, 96 Fed. App'x 779 (2d Cir. 2004).

Under Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed where the court lacks "statutory or constitutional power to adjudicate the case." *Perez v. Conn. Dept. of Correction Parole Div.*, No. 3:13-CV-150 (JCH), 2013 WL 4760955, at *2 (D. Conn. Sept. 4, 2013) (citing *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)); Fed. R. Civ. P. 12(b)(1). The standard of review for a 12(b)(1) motion is "substantively identical" to the standard of review under 12(b)(6) for failure to state a claim upon which relief can be granted. *Kuck v. Danaher*, 822 F.Supp.2d 109, 123–24 (D. Conn. 2011). "In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. The Court does not, however, draw all reasonable inferences in the plaintiff's favor." *Hijazi v. Permanent Mission of Saudi Arabia to United Nations*, 689 F. Supp. 2d 669, 670 (S.D.N.Y. 2010) (citation omitted), aff'd, 403 F. App'x 631 (2d Cir. 2010).

While the burden usually falls to the plaintiff to prove subject matter jurisdiction, where a "defendant official or governmental entity asserts the Eleventh Amendment as the basis of the 12(b)(1) motion, the burden falls to that entity to prove its entitlement to dismissal on the grounds

of immunity from suit." *Perez*, 2013 WL 4760955, at *2 (citing *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 239 (2d Cir. 2006)).

Under *Ex parte Young*, a plaintiff may avoid running afoul of sovereign immunity by seeking prospective, injunctive relief against individual defendants in their official capacities. 209 U.S. at 159–60. This exception applies when a plaintiff alleges "a violation of federal law by a state official [that] is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986). *Ex parte Young* applies in "cases in which a violation of federal law by a state official is ongoing [and] in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence." *Id.*

### III. DISCUSSION

Defendant argues that because Plaintiff has retired, she alleges not an *ongoing* violation of federal law, but a past one, and that, therefore, her request for injunctive relief in the form of reinstatement to her job does not meet the requirements of *Ex parte Young*. *See* Def.'s Obj. 3 (citing *Shakir v. Derby Police Dept.*, 284 F. Supp. 3d 165, 211 (D. Conn. 2018) (concluding that prisoner's request for declaratory judgment that police detective engaged in unconstitutional conduct during search and arrest did not satisfy *Ex parte Young* exception)). In Defendant's view, any alleged discrimination and retaliation against Plaintiff occurred in the past, before Plaintiff retired, so there is no ongoing violation of federal law to remedy. Defendant cites two cases from the Southern District of New York in support of its position: *Chen v. City Univ. of N.Y.*, No. 11 Civ. 0320 (CM), 2011 WL 5419792, at *9 (S.D.N.Y. Nov. 9, 2011) (holding that plaintiff "has not alleged any ongoing violation of federal law, and it is evident that she could not do so, since her

6

employment with [defendant] has ended"), and *Blamah v. New York*, 7:19-cv-9234 (PMH), 2020 WL 1812690, at *6 (S.D.N.Y. Apr. 8, 2020) (holding that plaintiff who was *de facto* terminated from her position on allegedly discriminatory grounds "has not demonstrated an ongoing violation of federal law").

Plaintiff disagrees. She argues that she was "forced . . . into retirement," "constructively discharge[ed]" by the discrimination and retaliation she faced at work, and "as long as the state official keeps [an employee] out of [his or her] allegedly tenured position[,] the official acts in what is claimed to be derogation of [that employee's] constitutional rights." Pl.'s Reply 3–4 (citing *State Emps. Bargaining Agent v. Rowland*, 494 F.3d 71, 97 (2d Cir. 2007)).

Defendant's contention has factual merit, as Plaintiff is no longer in the position where she alleges the discrimination and retaliation took place. However, the conclusion Defendant draws is foreclosed as a matter of law by binding precedent. In *Rowland*, the Second Circuit addressed allegations that approximately 3,000 employees of the State of Connecticut were terminated in retaliation for their political affiliations and union membership. 494 F.3d at 76. Examining an argument identical to the one here, the Court of Appeals noted, "Every Circuit to have considered the issue, including our own, has held that claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar," *id.* at 96, and went on to collect cases from the Circuits, including its own earlier decision in *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985). As the court reasoned, when the State has wrongfully terminated an employee and fails to re-hire that person or create a new role for them, its "alleged failure to act in that regard is, by its nature, both (1) ongoing and (2) potentially curable by prospective relief compelling the State to re-create positions or rehire plaintiffs into existing positions." 494 F.3d at 97. On these grounds, the Court of Appeals held that plaintiffs adequately pled

an "ongoing violation [of federal law] that could be immediately cured by granting their claims for reinstatement." *Id. Dwyer* held, similarly, that a former employee's claim for reinstatement "is the sort of prospective relief that is not barred by the Eleventh Amendment." 777 F.2d at 836.

The instant case is squarely governed by *Rowland* and *Dwyer*. Under these binding precedents, Plaintiff's allegations of discrimination and retaliation and her request for an injunction constitute claims for prospective relief to remedy an ongoing violation of federal law, which are sufficient to satisfy the *Ex parte Young* exception to Eleventh Amendment immunity.

### IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Permission to File a Second Amended Complaint is therefore **GRANTED**.

Plaintiff is hereby **ORDERED** to file her Second Amended Complaint on the case docket forthwith, assigning it a separate number. She shall also serve Rob Steinmetz, Diane Bordonaro, and G. Duncan Harris, Defendants in their official capacities, with the Summons and Amended Complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure. Defendant CSCU shall serve an answer or response to the Second Amended Complaint on or before **August 19, 2022**. Defendants Steinmetz, Bordonaro, and Harris shall serve answers or responses to the Second Amended Complaint in compliance with the relevant period set forth in Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure.

Upon entry of Steinmetz, Bordonaro, and Harris into the action, the parties are reminded of their obligation under Local Rule 26(f) to "confer for the purposes described in Fed. R. Civ. P. 26(f)" and thereafter, "[w]ithin fourteen (14) days after the conference, . . . [to] jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to [the

Local] Rules." D. Conn. L. Civ. R. 26(f)(1). Upon the receipt of that report, the Court will set the case deadlines.

If, upon conferring, the parties concur that an early settlement conference may be productive, they may file a joint motion for referral to a Magistrate Judge to conduct such a settlement conference.

It is SO ORDERED.


Dated:  New Haven, CT
        July 7, 2022

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge