```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------------------------------------- x
LINDA GUZZO,                                  :
                                              :
                       Plaintiff,             :
                                              :    ORDER ON MOTION TO
          -against-                           :    DISMISS
                                              :
CONNECTICUT STATE COLLEGES                    :    3:21-CV-00254 (VDO)
AND UNIVERSITIES,                             :
                                              :
                       Defendant.             x
-------------------------------------------------------------
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Linda Guzzo initiated this employment discrimination case in federal court against Defendant Connecticut State Colleges and Universities ("CSCU") under the federal Rehabilitation Act ("Rehab Act"), the federal Family and Medical Leave Act ("FMLA"), and the Connecticut Fair Employment Practices Act ("CFEPA"). After withdrawing her CFEPA claims in her federal case (the "First Action"), she filed the same case in Connecticut state court to pursue her state claims (the "Second Action"). CSCU then removed the Second Action to federal court, where it was consolidated with the First. CSCU now moves to dismiss the CFEPA claims from this consolidated case.

For the reasons stated below, CSCU's motion to dismiss is **granted in part.**

**I.      BACKGROUND**

Given the narrowness of the issue raised in this motion, the Court need not repeat facts discussed in its previous orders. (Doc. No. 32) (*Guzzo v. Connecticut State Colleges & Universities*, No. 3:21-CV-254, 2022 WL 903297 (D. Conn. Mar. 28, 2022)). This case began in 2021 when Guzzo filed her Complaint in federal court in the First Action. (D. Conn. Case No. 3:21-cv-00254, Doc. No. 1). That First Action included Guzzo's claims under the Age

Discrimination in Employment Act, FMLA, CFEPA, and other laws, for employment discrimination and failure to accommodate. *Id*. (Doc. No. 44). After a few rounds of motions practice, the now-operative Second Amended Complaint (Doc. No. 44) includes claims under the Rehab Act and FMLA only. Guzzo withdrew her CFEPA claims in the face of a jurisdictional challenge. (Doc. No. 73).

Guzzo then filed the Second Action in Connecticut Superior Court, including the CFEPA claims in safer jurisdictional waters. CSCU removed that Second Action in 2022. (D. Conn. Case No. 3:22-cv-00858, Doc No. 1). CSCU filed a motion to dismiss in the Second Action—the motion at issue here—claiming that the Rehab Act and FMLA issues were duplicative of the First Action. (Doc. No. 72). The Actions were later consolidated in 2024. (Doc. No. 75).

In addition to the Rehab Act and FMLA issues, CSCU also argued that the CFEPA claims resurrected in the Second Action were barred by the statute of limitations. (Doc. No. 72). Guzzo, in the motions practice in the Second Action, conceded the duplicative nature of the other claims—making them irrelevant here—but argued that the CFEPA claims were saved by Connecticut's accidental failure of suit statute, Conn. Gen. Stat. § 52-592. ("the Statute") (Doc. No. 73). That issue, regarding the CFEPA claims and the Statute, is the only one the Court decides today.

## II. <u>LEGAL STANDARD</u>

The standard for a motion to dismiss comes from *Twombly* and *Iqbal*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court thus takes all factual

2

allegations as true, construing them in the light most favorable to the plaintiff. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013).

### III.   DISCUSSION

Guzzo brought her initial claims, as stated above, in federal court in the First Action. When CSCU moved to dismiss for lack of jurisdiction, (Doc. No. 13), Guzzo withdrew her CFEPA claims and refiled them under the Statute in state court. That statute extends the time for a party to file a claim if that claim has failed "one or more times to be tried on its merits" after "being dismissed for want of jurisdiction." CONN. GEN. STAT. § 52-592. The question, then, is whether Guzzo's voluntary withdrawal counts as a dismissal for want of jurisdiction.

Connecticut courts have held that the Statute is "remedial in nature and, therefore, warrants a broad construction." *Ruddock v. Burrowes*, 706 A.2d 967, 970 (Conn. 1998). It is animated by a policy of resolving issues through adjudication, not jurisdictional or procedural technicality. Though CSCU points to an unpublished decision from this court and a Connecticut Superior Court holding that a voluntary withdrawal is insufficient to warrant the protection of the Statute, both of those cases have been superseded by subsequent caselaw. (Doc. No. 72) (citing *Garcia v. United States*, No. 3:07-CV-322 (WWE), 2009 U.S. Dist. LEXIS 64140, at *6 (D. Conn. July 20, 2009); and *Rosenfield v. I.D. Marder & Assocs.*, 2006 Conn. Super. LEXIS 32, 2006 WL 164821, at * 7 (Conn. Super. Ct. Jan. 4, 2006)). In 2009, the Connecticut Appellate Court decided *Viejas Band of Kumeyaay Indians v. Lorinsky*, 976 A.2d 723 (Conn. App. Ct. 2009). In that case, a plaintiff voluntarily moved to dismiss their claims after a similar jurisdictional challenge in federal court. *Id*. at 730–31. The defendant then challenged the reassertion of those claims in state court, claiming that the plaintiff's voluntary action did not fit into the protection of the Statute. The court disagreed, holding that

there is no distinction between "a plaintiff who voluntarily dismisses its action because of want of jurisdiction and one whose action is dismissed because it has conceded to the lack of jurisdiction." *Id.* at 733–34.

But CSCU argues that there is still a difference between a plaintiff who moves to voluntarily dismiss their claim and one who, like Guzzo, *withdraws* her claim for want of jurisdiction. The former involves court action, as a court still has to grant the motion and dismiss the claim; the latter does neither. This Court disagrees.

In *Southport Manor Convalescent Center, Inc. v. Foley*, the defendants filed a motion to dismiss on jurisdictional grounds. 578 A.2d 646, 646 (Conn. 1990). When the plaintiff failed to respond to that challenge, the court dismissed the case. *Id*. On appeal, the Connecticut Supreme Court held that the plaintiff's failure to file an opposition "amounted to no more than a concession." *Id.* at 648. While that case too involved court action, as the defendant's motion was granted, the plaintiff's *voluntary concession* was sufficient to invoke the Statute. Here, Guzzo voluntarily withdrew the claim by moving to amend, which this Court had to and did grant. (Doc. Nos. 19, 20).[1]

CSCU, however, further claims that the Statute cannot apply to Guzzo's case because the entire *action* did not fail for lack of jurisdiction, only one claim did. (Doc. No. 74). Looking to *Daoust v. McWilliams*, CSCU argues that the Statute can only apply to a whole action dismissed for want of jurisdiction, as the Statute does not allow for distinction for individual

---

[1] CSCU makes much about the "confusion" ruling for Guzzo would create, regarding when to start the Statute's "one-year clock." (Doc. No. 74). But if we are to consider court action as a means of determining statutory applicability, this Court's granting of Guzzo's motion to amend seems an obvious answer.

claims. 716 A.2d 922, 926 (Conn. App. Ct. 1998) ("Section § 52–592 uses the words 'action' and 'cause of action,' and not 'claim,' to refer to what is allowed to be brought under its provisions."). *Lorinsky* makes a similar distinction, noting that the plaintiff withdrew its entire action in federal court. 976 A.2d at 733. So, while the Court is not convinced by the artificial distinction between a voluntary withdrawal and a voluntary dismissal, the text of the Statute makes clear that, because Guzzo's First Action was not withdrawn or dismissed in whole, the Statute cannot apply.

### IV.   CONCLUSION

For the reasons stated above, CSCU's motion to dismiss (Doc. No. 72) is **granted in part**: Guzzo may no longer proceed with her CFEPA claims.

**SO ORDERED.**

Hartford, Connecticut
April 12, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge